IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>          Plaintiff<br><br>vs.<br><br>NORTH STAR INSURANCE ADVISORS LLC<br>          Defendant. | Case No. |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Joseph Friel ("Plaintiff") brings this action under the TCPA alleging that North Star Insurance Advisors LLC sent telemarketing calls promoting their goods and services, including to calls that were on the National Do Not Call Registry, such as the Plaintiff. Those calls were made without the call recipient's prior express written consent.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff Joseph Friel is a resident in this District.

7. Defendant North Star Insurance Advisors LLC is a Missouri registered company headquartered in Wentzville, Missouri.

**Jurisdiction & Venue**

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. North Star Insurance Advisors LLC is subject to jurisdiction as it (a) authorized calls into this District and (b) does business in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District and from this District.

**The Telephone Consumer Protection Act**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

3

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

15.     North Star Insurance provides insurance services to consumers.

16.     North Star Insurance uses telemarketing to promote its products and solicit new clients.

17.     A former employee of the Defendant posted a review of their experience while working for the Defendant, stating that their job entailed "Constantly harassing people about 'senior benefits.'" [1]

> **Worst job I ever had**
> Pre qualifier (Former Employee) - Wentzville, MO - February 24, 2019
>
> Quite terrible actually. A good call center though, not the best one but no shabby. Music was loud, like calling people in a nightclub. Constantly harassing people about "senior benefits." [2]

18.     Other former employees of the Defendant have also made complaints online about the cold calls that they were required to make on behalf of the Defendant, for instance:

---

[1] https://www.indeed.com/cmp/North-Star-Insurance-Advisors,-LLC/reviews?fcountry=ALL&start=20
[2] https://www.indeed.com/cmp/North-Star-Insurance-Advisors,-LLC/reviews?fcountry=ALL&start=20

> **Cold calls!**
>
> Insurance Sales Agent (Former Employee) - Wentzville, MO - March 23, 2020
>
> This company sounds great, and so does the pay, but just so you know, you will be making all cold calls and have an unreasonable sales goal. You are forced to push and push the customer. I had to keep someone on the phone that said she was driving her grandkids and couldn't safely talk right now. [3]

> **I Wouldn't Do It If I Were You**
>
> Feb 9, 2021 - Insurance Agent in Wentzville, MO
>
> ✗ Recommend   ✓ CEO Approval   ✗ Business Outlook
>
> **Pros**
> Great training program, no glass ceiling (you work hard, it pays off.
>
> **Cons**
> You have to filter through a lot of calls to get sales, many people you speak with half the time aren't interested or don't qualify. $500 due monthly to work for them. No other benefits. [4]

19. Multiple consumers have posted complaints online about receiving unwanted pre-recorded telemarketing calls promoting the Defendant North Star, including:

- "Called in the early evening. Caller ID listed "Carolina Bch, NC." Left part of a robo message asking the listener to listen to a 3-minute pre-recorded message. . . . Another website has identified the number with a senior scam!"[5]
- "Claims to be 'Senior Benefits,' a known scam preying on 'Seniors.' Give them NO personal information. They are just thieves."[6]
- "They have called everyday now for a month now. I know it is some kind of scam and I don't know how to stop them from calling"[7]
- "'SENIOR BENEFITS' SCAM. Sick of these CRIMINALS PREYING ON THE ELDERLY and INNOCENT!"[8]
- "I press option #2 to remove me, but they still continue to call me."[9]
- "Called me a few times."[10]

---

[3] https://www.indeed.com/cmp/North-Star-Insurance-Advisors,-LLC/reviews?fcountry=ALL
[4] https://www.glassdoor.com/Reviews/North-Star-Insurance-Advisors-Reviews-E1053969_P3.htm
[5] https://800notes.com/Phone.aspx/1-910-216-2530
[6] *Id.*
[7] *Id.*
[8] https://findwhocallsyou.com/9102162530
[9] *Id.*
[10] https://800notes.com/Phone.aspx/1-660-460-4033

5

- "I press 2 but Senior Benefits just keeps on calling. These guys need to be stopped!"[11]

20. North Star Insurance made these calls despite the fact that they have previously been sued for this same conduct. *See Woods v. North Star Insurance Advisors, LLC*, Civil Action No. 21-cv-687 (E.D. Mo.); *Moore v. North Star Insurance Advisors, LLC*, Civil Action No. 22-cv-2807 (S.D. Ill.).

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. Plaintiff's telephone number, (610) XXX-0685, is a non-commercial telephone number not associated with any business.

23. Plaintiff's telephone number is used for personal residential purposes.

24. Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2011.

25. Plaintiff has never been a North Star customer and never consented to receive calls from North Star.

26. Despite that, the Plaintiff received at least two telemarketing calls from North Star on March 4, 2024.

27. The Plaintiff answered both calls.

28. The scripts for the tests were the same, after the telemarketer started their script about savings on insurance and asking the Plaintiff about medical conditions.

29. The purpose of these questions were to prepare a quote on a medical insurance policy.

30. The Plaintiff was not interested, so he ended the call.

---

[11] https://findwhocallsyou.com/6604604033?CallerInfo#Done

6

31. Yet the Defendant called again.

32. On the second call, the Plaintiff received the same scripted questions.

33. The Plaintiff was told that the caller had a phone number of 888-568-4524 ext 3075.

34. That is a number for the Defendant.

35. The telemarketer provided an address of 100 Mall Parkway in Wentzville, MO.

36. That is an address for the Defendant.

37. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

38. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Class Action Statement**

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

41. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

42. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

43. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45. This Class Action Complaint seeks injunctive relief and money damages.

46. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

47. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

48. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

51. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a.  Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    b.  Whether Defendant's conduct constitutes a violation of the TCPA; and

    c.  Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

  52.  Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

  53.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

  54.  Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

  55.  The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

  56.  Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

57. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

59. Defendant's violations were negligent, willful, or knowing.

60. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

61. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.  Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich (*subject to pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com